

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,111-01

### EX PARTE MICHAEL ALLEN CHAMBERLAIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 5332A IN THE 100TH DISTRICT COURT
### CARSON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Applicant orally pleaded guilty to, and was placed on deferred-adjudication probation for, indecency with a child.[1] The order placing him on probation lists that offense as a second-degree felony carrying a potential punishment range of two to twenty years' incarceration. Indecency with a child is a second-degree felony if it arises from "sexual

---

[1] *See* TEX. PENAL CODE § 21.11.

contact."[2] Soon after he pleaded guilty, Applicant violated the terms of his probation, was adjudicated guilty, and was sentenced to twenty years' incarceration. In these post-conviction proceedings, Applicant claims that he originally understood himself to be entering into deferred-adjudication probation on the third-degree variant of indecency with a child—indecency by exposure.[3] After remanding the case for fact development, we ordered it filed and set to decide whether his claims merit relief. Having reviewed the record and the parties' briefs, we conclude that more information is needed before we may reach a disposition. The application will be held in abeyance and the case remanded for further fact development in the trial court.

The trial court shall make findings as to what offer or offers the State conveyed to plea counsel prior to the plea hearing. If the court deems it necessary to hold a hearing, it may call the trial prosecutor and plea counsel to testify as to what offers were conveyed to whom, and when. To inform this fact finding, the trial court shall also include within the record any non-privileged plea-agreement papers signed by the parties, apart from the order placing Applicant on deferred-adjudication probation. Within its brief, the State alleges that both it and Applicant "signed an agreed Punishment Recommendation for the second degree felony offense." Although it is not presently part of the habeas record, we take judicial notice of the typewritten and signed "Punishment Recommendations" contained within the original clerk's

---

[2] *See id.* § 21.11(a)(1).

[3] *See id.* § 21.11(a)(2).

record, of which the Court has retained a copy from Applicant's previous petition for discretionary review. The trial court shall make a finding as to which party prepared this document for signatures, and why it contains a reference to TEX. PENAL CODE § 22.11(a)(2)—subsection (a)(2) being the provision of TEX. PENAL CODE § 21.11 pertaining to indecency by exposure.

The trial court shall make findings as to what offer or offers plea counsel conveyed to Applicant prior to the plea hearing. We note plea counsel's affidavit in which he states that he conveyed an offer for Applicant to plead guilty to the third-degree felony offense of indecency by exposure. The trial court finds that counsel's affidavit, or perhaps the suggestion that the State ever offered a plea bargain on a third-degree felony, is "contrary to the record." The trial court shall clarify its findings in this regard. If the trial court finds plea counsel's affidavit to be not credible, it should say so. If the trial court is persuaded that counsel did, in fact, convey an offer under which Applicant would plead guilty to the third-degree felony offense of indecency by exposure, it should say so. It shall then make a finding as to whether counsel's performance in this regard was deficient; and if so, it shall make a finding as to whether this deficient performance prejudiced Applicant.[4]

The trial court shall make a fact finding as to what Applicant's understanding of the plea bargain was at the time he entered his plea. If, at the plea hearing, it was Applicant's understanding and intention to enter into deferred-adjudication probation for a third-degree

---

[4] *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

felony offense, the trial court should say so. If, on the other hand, it was Applicant's understanding and intention to enter into deferred-adjudication probation for a second-degree felony offense, the trial court should say so. The trial court shall make a finding as to what specific act or acts Applicant intended to stipulate and confess to at the time he entered his plea. In the course of making this finding, the trial court shall make a finding as to why the typewritten "Stipulation of Evidence" refers to the offense of exposure. The trial court shall also make a finding as to which party prepared this document for signatures.

This application will be held in abeyance until the trial court has resolved these fact issues. The issues shall be resolved within 60 days of the date on this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date on this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court. If the trial court's supplemental findings of fact and conclusions of law affect the parties' respective views of the case, the parties are invited to file supplemental briefs within 30 days of the trial court forwarding its additional findings.

Filed: September 12, 2018

Do Not Publish